IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re:                        :   Chapter 11
                              :
ICL HOLDING COMPANY, INC., et al.,  :   Case No. 12-13319 (KG)
                              :
         Debtors.[1]          :   Jointly Administered
                              :
------------------------------x   Related Docket Nos.: 1103, 1133, 1137, 1254

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), 349 AND 1112(b) AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Upon consideration of the (i) *Debtors' Motion For Entry Of An Order Pursuant To 11 U.S.C. §§ 105(a), 305(a), 349 And 1112(b) And Fed. R. Bankr. P. 1017(a) (A) Dismissing The Debtors' Chapter 11 Cases And (B) Granting Related Relief*, filed on December 24, 2013 [Docket No. 1103] (the "Dismissal Motion"),[2] (ii) Order granting the Dismissal Motion, entered on January 24, 2014 [Docket No. 1137] (the "Approval Order"), and (iii) *Certification Of Counsel And Request For Entry Of An Order Dismissing the Chapter 11 Cases*, filed on May 8, 2014 (the "Certification"); and the Court having jurisdiction to consider the Dismissal Motion and the Certification and the relief requested therein pursuant to 28 U.S.C. § 1334; and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: ICL Holding Company, Inc. (7662), Boise HCI, Inc. (2686), RC Services, L.L.C. (2279), ABC HCC, L.L.C. (2012), HICL Holdings, Inc. (3557), ICL Holdco, LLC (3233), ICL Intermediate Holdco, Inc. (7709), SACL Center, Inc. (N/A), CL Holding Company of Texas, LLC (9174), Holdings CL, Inc. (2090), HCL at Tenaya, LLC (8443), ABC HCL, LLC (9674), HCL of Chester County, Inc. (6062), HCL of Dayton, Inc. (2086), Fort Worth HCL, L.P. (5272), HCL of Mechanicsburg, LLC (5957), HCL of Milwaukee, Inc. (4291), HCL New Orleans, L.L.C. (4151), HCL of North Carolina, L.L.C. (1857), North Texas HCL, L.P. (2743), HCL of Northern Nevada, Inc. (0990), HCL of Pittsburgh, LLC (9672), ASHCL, LLC (6312), HCL of Sarasota, LLC (7045), HCL of South Texas, Inc. (5457), Investments of CL, L.L.C. (5041), CL Investments 2, LLC (4598), SMCL, L.L.C. (4309), CL REIT 1, Inc. (3708), CL REIT 2, Inc. (2075), HSCL of North Louisiana, LLC (2585), HSCN of Denver, Inc. (8584), HCN/Muskegon, Inc. (1802), Pittsburgh HS, LLC (6725) and HSAS, Ltd. (5386).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Dismissal Motion.

consideration of the Dismissal Motion and the Certification and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Dismissal Motion and the Certification having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Dismissal Motion and the Certification constitute just cause for the relief granted herein and it appearing that the relief requested by the Certification is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record of the Chapter 11 Cases, and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code and Bankruptcy Rule 1017(a), the Chapter 11 Cases of the following Debtors (collectively, the "Dismissed Debtors") are hereby dismissed:

> CL REIT 1, Inc. (12-13320)
> HICL Holdings, Inc. (12-13330)
> RC Services, L.L.C. (12-13332)
> ABC HCC, L.L.C. (12-13333)
> SACL Center, Inc. (12-13334)
> Investments of CL, L.L.C. (12-13347)
> CL Investments 2, LLC (12-13348)
> CL REIT 2, Inc. (12-13350)
> Pittsburgh HS, LLC (12-13353)

2. From and after the date hereof, and to the maximum extent permitted by applicable law, the Prepetition Secured Lenders, the lenders under the DIP credit agreement, the Committee, the Purchaser and Vibra (each in their respective capacities as such) (collectively, the "Releasing Parties") hereby release the Dismissed Debtors, the Prepetition Secured Lenders,

the lenders under the DIP credit agreement, the Committee, the Purchaser and Vibra, and their respective present or former officers, directors, employees, members, attorneys, consultants, advisors and agents (each in their respective capacities as such) (collectively, the "Released Parties") from any and all claims of whatever kind or nature of the Releasing Parties arising from or related in any way to the Debtors or their Chapter 11 Cases, such that the Releasing Parties are barred from pursuing any remedies that they have with respect to such claims against any Released Party; provided, however, that (i) any deficiency claim of the Prepetition Secured Lenders shall not be released and shall be governed by the Committee Settlement, (ii) professional fee claims shall be preserved, (iii) any claim (whether known or unknown) of the Purchaser arising from or related to the APA or the Main Sale Order, other than claims constituting Acquired Assets under the APA, shall be preserved, (iv) the Allowed Rejection Claim, as defined in the Stipulation Concerning Rejection of Agreements between the Debtors and Vibra approved by this Court on October 28, 2013 [Docket No. 1061], shall not be released, and (v) any claim of Vibra under any surviving covenant contained in the asset purchase agreement relating to the Boise Sale shall be preserved.

3. Notwithstanding anything to the contrary in paragraph 2 of this Order, nothing herein shall affect the claim, if any, of any individual creditor that is not a Releasing Party against a Released Party.

4. Notwithstanding section 349 of the Bankruptcy Code, all prior orders of this Court entered in the Chapter 11 Cases shall remain in full force and effect and shall survive the dismissal of the Chapter 11 Cases.

5. Notwithstanding anything contained in their respective organizational documents to the contrary, the Dismissed Debtors are authorized, but not directed, to take such

actions and expend such funds as may be necessary or appropriate to wind up and/or dissolve as corporate entities under applicable state law without the approval of, or any further action by, a board of directors, shareholders or any other party. The authorized representative of the Dismissed Debtors is hereby authorized to file, as and when such representative determines to do so, with any necessary state entities, a copy of this Order and such other documents as may be necessary to effect such winding up or dissolution.

6. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

7. Notwithstanding entry of this Order, the Court shall retain jurisdiction to review and approve the fees and expenses of the Debtors' and the Committee's professionals until the Chapter 11 Cases of ICL Holding Company, Inc. and Holdings CL, Inc. are dismissed in accordance with the Approval Order.

8. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any other order of the Court entered in the Chapter 11 Cases.

Dated: Wilmington, Delaware
       May 8, 2014

Honorable Kevin Gross
CHIEF UNITED STATES BANKRUPTCY JUDGE